Smith, J.
The plaintiff in error, Sarah E. Gunning, by another person acting in her behalf, filed in the court of common pleas of this county a petition alleging that she was at the time of the filing thereof, and had been from May, 1895, unlawfully restrained of her liberty and imprisoned in Longview Asylum by Dr. Frank Hármon, the superintendent'thereof. ' It asserts,in substance, that in May, 1895, an affidavit was filed in the probate court of this county by her husband alleging that she was insane and a fit subject for the lunatic asylum; that a warrant issued thereon, and that she was arrested by the staff, and by order of such court she was committed to said asylum; that the request and commitment were made by the court without any hearing or opportunity upon her part to be heard by such court, and that she was not permitted to confront the witnesses who testified against her, or to call witnesses in her behalf. A copy of the order and judgment filed with the petition simply states that the cause came on to be heard upon the affidavit' of James Gunning and testimony of witness, and that the court found Mrs. Gunning to be insane, and ordered her to be committed to Longview Asylum.
It does not appear therefrom, or from any thing in the case, that Mrs. Gunning was present at the inquest, nor is there any to show that owing to her condition the court, on a personal visit to her, and an inspection of her, found that it was improper that she should be brought into court, in accordance with the provisions of section 708, Revised Statutes.
It is probable that, this section does not apply to the *509 commitment of insane persons to Longview Asylum, but only to the State Lunatic Asylums, as the mode of proceeding to commit insane persons to Longview is regulated by section 738 and post. But these "latter sections evidently contemplate an adversary proceeding, with the person charged to be insane present at the examination, with the right to contest and question of his or her insanity, and such person should be present and have the rights given by t!he 'statute.
Whether in the absence of anything in the record to show that she was not present, or was deprived of her rights, it ought not to be presumed that she was so present and had a fair trial, and that the court acted rightly, is a question of doubt. We incline to the opinion that it should, and that if the case stood on its ground alone, that the action of the court of common pleas in refusing to issue a writ was ndt erroneous.
But the petition alleges, not only that Mrs. Gunning was 1 insane when the order of commitment was made, but that, when the petition in this case was filed, she was sane, and not insane.
Section 713, Revised Statutes,provides:
“All persons confined as insane shall be entitled to the benefit of the writ of habeas corpus,‘and the question of insanity shall be decided at the hearing; and if the judge decides that the person is insane, such decision is no bar to the issuing of' the writ a second time when it is alleged that such person is restored to reason.’’
We are of the opinion that when this petition averred that this woman was not now insane, it was the duty of the court to allow the writ to issue, and on the issue made by the return of the writ by the person in whose custody she was (if such issue was made), to hear and determine the question of the sanity of the person at the time; and that this question could not properly be heard by the *510 court on the application of the writ, as was done here. For this reason the judgment of the common pleas refusing the writ will be reversed.
John W, Wolfe and Thomas L. Miehie, Attorneys for Petitioner.